IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONNELL FLOURNOY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.: 2:12-cv-286-WHA-WC |
| | ) | |
| OFFICER I. HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Plaintiff's "Motion for Leave to File an Amended Complaint" (Doc. 65). On February 16, 2016, the District Judge entered an Order (Doc. 66) referring the motion to the undersigned Magistrate Judge "for action or recommendation." Trial in this matter was previously scheduled to proceed on March 7, 2016, but has been continued pending further order of the court. *See* Order (Doc. 58). Plaintiff's complaint, and the only issue surviving the pretrial motions ruled upon in this case, concerns his allegation that Defendant employed excessive force against him while he was incarcerated, in violation of his Eighth Amendment rights. *See* Order (Doc. 31). The basis for the instant motion to amend the complaint is that "Plaintiff has determined the name Katherine Jessip and Ann Hill both state attorneys representing the defendant be amended to the original complaint." Pl.'s Mot. (Doc. 65) at 1. Plaintiff accuses attorneys Jessip and Hill of having "conspired co-conspired and collaterately [sic] conspired through several phone calls to the Plaintiff's home asking about this case pending in

1

detail confusing the plaintiff as though they were other state investigators and getting information in the court before any legal disposition ordered." *Id.*

Plaintiff's motion is due to be denied because the requested amendment is futile for at least two reasons. First, Plaintiff has not attached any proposed amended complaint to his motion and, to the extent his proposed amendment is contained within his motion to amend, he has failed to state a claim for any "conspiracy" against attorneys Jessip and Hill. Second, Plaintiff may not amend his complaint at this late stage of the litigation over his Eighth Amendment excessive force claim to add allegations of an unrelated conspiracy which occurred after he filed the original complaint.

In general, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend a complaint after the initial pleadings stage of litigation should be freely given when "justice so requires." However, "[d]espite the rule that leave to amend should be given freely, the court may deny leave to amend on numerous grounds, including the futility of the amendment. Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal." *Patel v. Georgia Dept. BHDD*, 485 F. App'x 982, 982 (11th Cir. 2012) (citations omitted).

In this case, Plaintiff has not provided the court with a proposed amended complaint to review in consideration of his motion to amend the complaint. For the reasons that follow, to the extent Plaintiff intends to amend his complaint with the allegations presented in the text of his motion to amend, he has failed to state any viable claim of conspiracy for which relief could be granted. As such, any proposed claim of a conspiracy involving the attorneys identified in Plaintiff's motion would be subject to

summary dismissal, and, accordingly, the proposed amendment is futile and Plaintiff's motion to amend is due to be denied.

The court must determine whether Plaintiff's proposed amendment would be subject to summary dismissal for failure to state a claim upon which relief could be granted. Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to avoid summary dismissal, Plaintiff's complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are 'merely consistent with' a defendant's liability,' however, are not facially plausible." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  However, although district courts must apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Upon review of the allegations in Plaintiff's motion to amend his complaint, the undersigned concludes that Plaintiff has fallen far short of stating a plausible claim of conspiracy for which any relief could be granted.  In essence, Plaintiff only alleges that attorneys Jessip and Hill phoned him at his home and asked him questions about this case, thus "confuseing [sic] the Plaintiff as though they were other state investigators and getting information in the court before any legal disposition[.]"  Pl.'s Mot. (Doc. 65) at 1.  There is no plausible allegation of any conspiracy involving attorneys Jessip and Hill.  More to the point, however, "[a]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice.  Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality."  *Twombly*, 550 U.S. at 556-57.  In other words, Plaintiff's allegation of a conspiracy is conclusory and patently insufficient.

Apart from Plaintiff's failure to state any conspiracy claim for which relief could be granted, leave to amend should be denied because Plaintiff's claim of a purported

4

conspiracy is wholly distinct from the narrow Eighth Amendment excessive force claim that was presented in Plaintiff's original complaint and has survived the pretrial motions already adjudicated by the court.  Plaintiff should not be permitted to amend his complaint at this late stage of the litigation to present a frivolous and unrelated claim of a conspiracy which occurred after the events described in the complaint and involves entirely different defendants.

Accordingly, for all of the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 65) be DENIED because Plaintiff's proposed amendment is futile.  Further, it is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before March 2, 2016**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661

F.2d 1206 (11th Cir. 1981) (*en banc*).  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 17th day of February, 2016.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE